## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | 2:03-cr-00006-JPH-CMM-1 |
| vs. ) | |
| ) | |
| ZACHARY LAMONT COLLIER, ) | |
|     Defendant ) | |

## REPORT AND RECOMMENDATION

On June 4, 2024, the Court conducted an initial and final hearing on the Petition for Summons/Violation for Offender Under Supervision filed on May 14, 2024 [Dkt. 16]. Zachary Lamont Collier ("Defendant") appeared with FCD counsel, William Dazey. The Government appeared by Bradley A. Blackington, Assistant United States Attorney. U. S. Probation appeared by Officer Jennifer Considine.

The parties advised the Court at the outset of the hearing that a proposed agreement was reached by which the defendant would admit to Violation Number 2.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The defendant was advised that on May 16, 2024, that this matter had been referred by the District Judge and that the District Judge has final authority whether to accept, reject, or modify the magistrate judge's recommendation.

2. After being placed under oath, Defendant advised that he consented to the proposed agreement, had sufficient opportunity to consult with counsel, and entered into the agreement voluntarily. Defendant admitted Violation No. 2.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

**VIOLATION**
**NUMBER   NATURE OF NONCOMPLIANCE**

2. "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."

    On April 25, and April 29, 2024, this officer directed Mr. Collier to report to the probation office to submit to a urine sample and he failed to report.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade **C** violation.

    (b) Defendant's criminal history category is **VI**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **8-14** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

    (a) The Defendant violated the supervised release condition as alleged in Violation 2;

    (b) The Magistrate Judge recommends that the defendant be sentenced to the custody of the U.S. Bureau of Prisons for a period of 12 months and one day, and further recommends placement as near to Terre Haute at s possible.  Consistent with the parties' agreement, no supervised release will follow upon release;

    (c) The Court finds that the agreement is appropriate for the following reasons:  1) the defendant has had multiple violations of the terms of supervised release since 2022, mostly for illegal use of either marijuana or fentanyl), 2) the recommended sentence reflects the nature and circumstances of the offense and the history and characteristics of the defendant, i.e., multiple violations and defiance of the terms of

supervised release after patient handling by the probation officer, and 3) the proposed sentence is consistent with those for similarly situated defendants and avoids sentencing disparities.  Moreover, although termination of supervised release is regrettable, it simply is not working for this defendant and probation resources should be devoted to offenders who make a sincere effort to comply with the rules.

Defendant is ordered detained pending the District Judge's action on this Report and Recommendation.  The Government will dismiss Violation No. 1 in the event this recommendation is approved by the Court.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the 14-day objection period to file objections for the consideration of the District Judge.

Dated:  June 4, 2024

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:  All ECF-registered counsel of record via email generated by the court's ECF system